UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-cv-00044-MR

| | |
|---|---|
| MARTAVIUS ADAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| TODD ISHEE, Secretary, North ) | |
| Carolina Department of Adult ) | |
| Correction,[1] ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus [Doc. 1] filed on January 23, 2023 by the Petitioner pursuant to 28 U.S.C. § 2254. Also before the Court is the Petitioner's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 3], filed on February 13, 2023.

I. BACKGROUND

Martavius Adams (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner was convicted of common law robbery in Gaston

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. North Carolina law mandates that the Secretary of the North Carolina Department of Adult Correction is the custodian of all state inmates. See N.C. Gen. Stat. § 148-4 (2023). Accordingly, Todd Ishee, the current Secretary of the North Carolina Department of Adult Correction, is the proper respondent in this action.

County, North Carolina on February 4, 2015. The Petitioner was convicted of robbery with a dangerous weapon in Cleveland County, North Carolina on October 5, 2016. On January 27, 2020, the Petitioner was convicted of malicious conduct in Pamlico County, North Carolina. The Petitioner is currently serving a total incarceration term of 17 years and 4 months.[2] The Petitioner does not provide any information to indicate that he filed any direct appeals of his judgments of conviction and this Court has located no record of the Petitioner having filed any appeals with the North Carolina Court of Appeals.

The Petitioner states that he filed a post-conviction Motion for Appropriate Relief ("MAR") in Gaston County but he does not provide the date of filing or explanation of the outcome of the proceeding. [Doc. 1 at 3].

The Petitioner filed this § 2254 Petition for Writ of Habeas Corpus [Doc. 1] in this Court on January 23, 2023. Also pending is the Petitioner's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 3].

---

[2] Information concerning the Petitioner's prior convictions and sentencing information is taken from the North Carolina Department of Adult Correction website: https://www.dac.nc.gov/dac-services/criminal-offender-searches

2

Case 3:23-cv-00044-MR   Document 4   Filed 11/06/23   Page 2 of 7

## II. DISCUSSION

### A. Motion for Leave to Proceed *In Forma Pauperis*

The Petitioner moves this Court for an application to proceed *in forma pauperis*. [Doc. 3]. Rule 3(a) of the Rules Governing Section 2254 Cases requires that a petition be accompanied by the applicable filing fee or motion for leave to proceed *in forma pauperis*. Federal courts may excuse the required fees if the litigant demonstrates that he cannot afford to pay. 28 U.S.C. § 1915(a)(1).

The Petitioner's application shows that he has no income and no assets, cash, or money in any bank accounts. [Doc. 3]. The Court is satisfied that the Petitioner does not have sufficient funds to pay the filing fee and will grant the Petitioner's motion to proceed *in forma pauperis* for the limited purpose of this Court's initial review of his petition.

### B. Initial Review of § 2254 Petition

A prisoner in custody under a state court judgment may attack his conviction and sentence on grounds that it violates the Constitution and/or laws or treaties of the United States through the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In reviewing a § 2254 petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs the district court to dismiss a petition when it plainly appears

from the petition and any exhibits that the petitioner is entitled to no relief. Rule 4, 28 U.S.C.A. foll. § 2254.

The Petitioner raises two claims of relief in his § 2254 petition: 1) retaliation in connection with an attempted stabbing while incarcerated at Pasquotank Correctional Institution; and 2) "threat on [his] sentencing of 69-96 month's incarceration that his first lawyer offered." [Doc. 1 at 5-7]. However, the Petitioner fails to set forth any valid claim of federal habeas relief.

Although the Petitioner brought this §2254 action as a *pro se* litigant, he is still required to specify all grounds for relief and state the supporting facts. See Rule 2(c) of the Rules Governing Section 2254 Cases. The Petitioner does not appear to attack his underlying criminal judgment of conviction or legality of his custody.[3] The Petitioner's claims are vague and conclusory and the Petitioner fails to plead any facts to show that his habeas claim is based on misapplication of federal law, as required by 28 U.S.C. § 2254.

The Petitioner's allegation regarding actions at Pasquotank Correctional Institution and conditions of confinement are not cognizable in

---

[3] Rule 2(e) of the Rules Governing Section 2254 Cases requires that a petitioner must file a separate petition for each specific conviction that is being challenged. The Petitioner's § 2254 does not make clear from which judgment of conviction, if any, he seeks relief.

4

a § 2254 proceeding. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)('[h]abeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement...A civil rights action, in contrast, is the proper method for challenging 'conditions of confinement'"). Because the petition fails to specify any valid grounds for habeas relief and supporting facts, it is deficient and shall be dismissed.

The § 2254 petition is also procedurally barred due to the Petitioner's failure to exhaust his available state remedies. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal court. 28 U.S.C. § 2254(b)(1)(A). In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review or by filing a state post-conviction proceeding and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen.Stat. § 7A–31; N.C. Gen.Stat. § 15A–1422. This Court may only consider those issues that were fairly presented to the state court. Williams v. Terry, 2011 WL 4747925, *2 (W.D.N.C. October 7, 2011)(unpublished).

It appears that the Petitioner did not seek appellate review following

his judgment of convictions and he provides no information to show that he satisfied the exhaustion requirements by pursuit of post-conviction proceedings in state court. As such, the § 2254 petition is also subject to dismissal as procedurally barred.

## III. CONCLUSION

For the reasons set forth above, the Petitioner is not entitled to relief under his § 2254 Petition for Writ of Habeas Corpus and the petition shall be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000)(holding that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**.

2. The Petitioner's Motion to Proceed *In Forma Pauperis* [Doc. 3] is **GRANTED**.

3. The Clerk of Court is respectfully directed to substitute Todd Ishee, Secretary of the North Carolina Department of Adult Correction as the proper Respondent in this action.

4. The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED.**

Signed: November 6, 2023

Martin Reidinger
Chief United States District Judge